Joseph Liff, J.
This motion by the plaintff s to strike portions of defendant’s answer and for a protective, order vacating certain items in defendant’s demand for a bill of particulars is unopposed and is granted to the following extent: (1) defendant’s answer to pragraphs “4” and “6” of the complaint is stricken; (2) items numbered “1 ”, “ 2 ”, “ 4 ”, “ 12 ”, “ 13 ”, “ 20 ” and “ 21 ” of the demand for a bill of particulars need not be answered; (3) that part of the motion requesting that the verification of the answer by the attorney be treated as a nullity for the reason that the verification is not made by the attorney of record is denied. The verification is in the form of an affirmation by an attorney associated with the attorney of record for the defendant. This is a sufficient compliance with the section (CPLR 3020). Weinstein-Korn-Miller (vol. 3, N. Y. Civ. Prac., par. 3020.06) directs attention to the First Report of the Advisory Committee on Practice and Procedure (1957) in which it was proposed that when a firm are attorneys of record, a signature should be in the name of the firm followed by the signature of an attorney acting for the firm. Obviously •the signature to the verification (or affirmation) must be made by an individual and not by a firm. Where a verification is false, inaccurate, etc., remedies are available (cf. 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3020.05; Practice Commentary by Prof. David D. Siegel to CPLR 3020, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR [1968-69 Supp.]).